UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                              Case Number: 10-12142-13

SUZANNAH META SCHMID,

Debtor.

---

**DECISION ON PLAINTIFF'S MOTION FOR RELIEF
FROM ORDER ALLOWING CLAIM 2-4**

The Debtor, Suzannah Meta Schmid, filed a Motion for Relief from an Order of this Court under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b). For the reasons that follow, the Debtor's motion is DENIED.

**JURISDICTION**

The federal district courts have "original and exclusive jurisdiction" over all cases under title 11 ("Bankruptcy Code" or "Code") and "original but not exclusive jurisdiction" over all civil proceedings that arise under the Bankruptcy Code or that arise in or are related to cases under the Code. 28 U.S.C. §§ 1334(a)-(b). The district courts may, however, refer such cases to the bankruptcy judges within their district. In the Western District of Wisconsin, the district court has made such a reference. *See* Western District of Wisconsin Administrative Order 161 (July 12, 1984).

Accordingly, this Court "may hear and determine all cases under title 11 and all core proceedings under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under

section 158 of this title." 28 U.S.C. § 157(b)(1). Bankruptcy courts determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). Proceedings concerning the allowance or disallowance of claims against the estate are core proceedings. 28 U.S.C. § 157(b)(2)(B). This Court believes it is appropriate that Rule 60(b) motions for relief from judgments arising from core proceedings should themselves be core proceedings. As such, this Court has both the jurisdiction and the authority to enter a final judgment in this matter.

## FACTS AND PROCEDURAL HISTORY

This case has sluggishly followed a meandering path, thanks entirely to the Debtor's repeated attempts to delay the administration of her bankruptcy. The matter presently before the Court had its genesis in a claim objection and an adversary proceeding against the same secured creditor, Bank of America, N.A. ("BANA"), that holds a note secured by a mortgage on her home and a state court judgment of foreclosure ("Note," "Mortgage," and "Judgment"). Throughout this process, the Debtor has reiterated versions of essentially the same argument: that BANA does not own or hold the Note and Mortgage and, therefore, does not hold a secured claim against the Debtor's bankruptcy estate.

In a memorandum decision issued on April 24, 2013, the Court rejected the Debtor's argument, dismissed her adversary proceeding, and overruled her claim objection ("Decision and Order"). *See* Docket No. 162. The Court entered an Order dismissing the adversary proceeding and an Order denying the

Debtor's objection to Claim No. 2 on the same date. *See* Docket No. 163. On May 8, 2013, the Debtor filed a Motion to Reconsider Order Allowing Claim 2-4 that, following the submission of briefs, the Court denied. Although she failed to appeal the Decision and Order with respect to the claim allowance, she now apparently seeks to mount a collateral attack through Rule 60(b). The Debtor's Motion for Relief reiterates the same ineffective arguments that this Court for a litany of reasons has repeatedly rejected in the past.

## ARGUMENTS

The Debtor seeks relief pursuant to Bankruptcy Rule 9024 and Federal Rules of Civil Procedure 60(b)(2), (3), and (4). She argues that she is entitled to relief from the Decision and Order on three alternative grounds: that there is newly-discovered evidence that could not have been discovered in the more than two years since the initial claim objection was filed, that there was "fraud, . . . misrepresentation, or misconduct," or that the Decision and Order are void.

## STATEMENT OF LAW

Federal Rule of Civil Procedure 60 applies in bankruptcy through Bankruptcy Rule 9024. Relief under any of the provisions of Rule 60(b) is an extraordinary remedy, granted only in exceptional circumstances. *See, e.g., Teninty v. McHugh*, 444 Fed. Appx. 92, 93 (7th Cir. 2011). The burden is on the movant to show by clear and convincing evidence that she is entitled to relief. *See, e.g., Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). A motion

under Rule 60(b) is addressed to the discretion of the court. *Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir. 1983).

Rule 60(b)(2): "Newly Discovered Evidence"

Rule 60(b)(2) allows a motion for relief from a judgment on the grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The movant must satisfy three elements: (1) the evidence existed but was only discovered after judgment was entered, (2) the movant was diligent in making the discovery, and (3) the evidence would have altered the result reached by the court. *See Parks v. McDonald*, 170 Fed. Appx. 964, 968 (7th Cir. 2006) (citing *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999)). The requirements of Rule 60(b)(2) are strictly enforced. *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). If the movant fails to satisfy any of these elements, the motion fails. *See Jones*, 188 F.3d at 732.

The Debtor claims that she recently discovered documents referred to as the "Freddie Mac Servicing Guidelines" and a "Document Custody Handbook" and that this newly-discovered evidence justifies relief from the Decision and Order.

First, the Court is not persuaded that the Debtor exercised the diligence required by the Rule. It appears that Debtor's counsel discovered the purported evidence on the Internet in May and July 2013. If the purported evidence existed, the Court believes the evidence in question could easily have been

discovered prior to the entry of the Decision and Order in April 2013, and that the reason for the Debtor's failure to find it was a lack of diligence. *See, e.g., United States v. McGaughey*, 977 F.2d 1067, 1075 (7th Cir. 1992) (noting that the failure to search for a document reflects a lack of diligence).

Second, in any event, the evidence in question would not have altered the result. The Decision and Order from which the Debtor seeks relief concerned the allowance of BANA's secured claim. The evidence she now wishes to present is irrelevant to that determination, and the Debtor has failed to make any argument that persuades this Court otherwise.

<u>Rule 60(b)(3): "Fraud, Misrepresentation, or Misconduct"</u>

Rule 60(b)(3) permits relief from a judgment for "fraud, . . . misrepresentation, or misconduct by an opposing party." To obtain relief, the movant must show: (1) that the party had a meritorious claim and (2) because of the fraud, misrepresentation, or misconduct of the adverse party, (3) the movant was prevented from fully and fairly presenting its case. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) (citations omitted). The Debtor has not satisfied any of these elements.

First, her claims concerning the validity of the transfer of the Note and Mortgage are not meritorious. They have been considered and rejected in prior decisions of this Court. Any claims she may have regarding whether BANA was entitled to foreclose on her home could have been brought in the state court or appealed from the Judgment in the state court proceeding. They were not. The

5

arguments she brings in her Motion for Relief merely rehash the arguments previously asserted and rejected by this Court. The Court is no more persuaded by her Motion for Relief than it was by any of the previous iterations of this position.

Second, the Court is skeptical about the Debtor's claims concerning BANA's alleged fraud. There has been no plausible showing that BANA engaged in fraud in the bankruptcy proceeding. The Debtor has merely made repeated, unsubstantiated allegations to that effect. Likewise, there has been no showing that BANA's alleged fraud prevented the Debtor from presenting her case.

### Rule 60(b)(4): "Void Judgments"

Finally, Rule 60(b)(4) permits relief from void judgments. It "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard," and it "is not a substitute for a timely appeal." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158, 170 (2010) (citations omitted). A judgment is void if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law. *See Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011) (citing *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 n.2 (7th Cir. 1983); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007)

(citations omitted); *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir. 2002)). Her Motion for Relief on this ground falls flat, too.

The Debtor cannot (and does not) contend that there were any jurisdictional defects in the proceedings that culminated in the Decision and Order. Indeed, there were not. As noted in the Court's Decision, the claims allowance process is a core proceeding over which the Court has subject matter jurisdiction and authority to enter a final judgment. Moreover, the Decision was rendered in the Debtor's voluntary bankruptcy in which she had initiated the claim objection—therefore, there was personal jurisdiction as well.

As such, the only basis for relief under Rule 60(b)(4) is a lack of due process. Contrary to the Debtor's unsubstantiated allegation that she was denied due process, she has been accorded due process at every stage of her bankruptcy case. Debtor's counsel appeared before the Court on several occasions to be heard on motions related to the claims allowance process and her adversary proceeding against BANA. She has been granted numerous extensions of time to file, amend, and respond to pleadings. The Debtor did not appeal the Order with respect to the allowance of the claim.  Instead, she filed a motion to reconsider. That motion was denied. She then filed the instant Motion for Relief. As noted above, the Motion for Relief from the Order is not a substitute for an appeal.  Debtor has been afforded numerous opportunities to be heard.  There has been no denial of due process.  The Court has given her

the benefit of every doubt. Accordingly, the Decision and Order allowing BANA's claim is not void.

## CONCLUSION

For the foregoing reasons, the Debtor's Motion for Relief is DENIED.

A separate order consistent with this decision will be entered.

Dated: September 5, 2013

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge